UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| KEENAN WATKINS, | Case No.: 2:23-cv-01089-APG-BNW |
| Plaintiff | **Order Granting Defendant Stafeeva's Motion to Dismiss Plaintiff's Complaint** |
| v. | [ECF No. 19] |
| JOHN DOE, et al., | |
| Defendants | |

    Keenan Watkins sues Ksenia Stafeeva[1] and two Doe individuals for violating his federal constitutional rights under the Eighth Amendment. Stafeeva is a medical doctor who treated Watkins while Stafeeva served as a medical provider at High Desert State Prison. Watkins alleges that Stafeeva deliberately refused to recommend Watkins for necessary eye surgery and that, as a result, Watkins has suffered permanent blindness in his left eye. Stafeeva moves to dismiss Watkins' complaint, arguing that Watkins' claim against her is barred by the applicable statute of limitations for claims under 42 U.S.C. § 1983. ECF No. 19. Watkins opposes the motion. ECF No. 25. For the reasons below, I grant the motion and dismiss Watkins' claim against Stafeeva, with leave to amend.

    In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). "A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (simplified). "A document filed *pro se* is to be

---

[1] I previously construed the complaint as treating Stafeeva as a defendant. ECF No. 5 at 3.

liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (simplified).

To determine whether Watkins' claim against Stafeeva is barred by the statute of limitations, I must first determine the length of the appropriate limitations period. In civil rights suits alleging federal constitutional violations under 42 U.S.C. § 1983, courts must apply the forum state's statute of limitations for personal injuries. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). If state law provides a different statute of limitations for different personal injury torts, courts must apply "the general or residual statute for personal injury actions." *Id.* at 249-50. Nevada's residuary statute of limitations for "injuries to a person" is two years. Nev. Rev. Stat. § 11.190(4)(e). Therefore, the limitations period for Watkins' deliberate indifference claim against Stafeeva is two years.

The next issue is when Watkins initiated his suit against Stafeeva. Watkins claims his suit against Stafeeva commenced on July 13, 2023 when he filed his original petition to proceed *in forma pauperis* along with his complaint. Stafeeva argues that this suit commenced when the clerk filed the "operative" complaint on February 9, 2024 after I issued the screening order. Stafeeva contends that the limitations period did not stop in July 2023 because Watkins filed an amended complaint in February 2024 that did not "relate back" to the complaint filed in July 2023 under Federal Rule of Civil Procedure 15(c).

Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." "An electronic document is deemed filed as of the date and time stated on the 'Notice of Electronic Filing.'" Local Rule IC 3-1(b). These definitions of "filing" do not change "simply because a complaint is submitted to the clerk's office along with an IFP

application." *Escobedo v. Applebees*, 787 F.3d 1226, 1233 (9th Cir. 2015). As the Ninth Circuit explained, "a complaint will be deemed filed at the time it is delivered to the clerk with an IFP application" and "no time will be deducted from any limitations period while the application awaits a ruling." *Id.*

Watkins submitted the original IFP petition and complaint electronically on July 13, 2023. Though Stafeeva emphasizes that the complaint was not screened until February 2024 or served on her until months after screening, Rule 3 states that a suit begins upon "filing" the complaint, not upon screening or service on the defendants. Rule 15 is irrelevant because it deals with amended complaints, and Watkins never filed an amended complaint. The complaint filed in February 2024 is the very complaint that Watkins filed in July 2023. *Compare* ECF No. 1-1 (original complaint filed as attachment to petition to proceed in forma pauperis), *with* ECF No. 6 (complaint filed after grant of petition to proceed in forma pauperis). And Stafeeva's brief ignores *Escobedo*. Because Watkins electronically delivered the complaint to the court with an IFP application on July 13, 2023, this lawsuit commenced on that date.

Finally, I must determine whether Stafeeva's alleged unconstitutional conduct occurred after July 13, 2021, which is two years before Watkins filed the complaint. The complaint alleges Watkins had a medical appointment with Stafeeva in "March or April 2020." ECF No. 6 at 4-5. It also alleges that Watkins "has not seen the provider [since] 2020." *Id.* at 5. The parties do not dispute that Stafeeva is the "provider" here. Because the complaint does not allege any other interaction between Watkins and Stafeeva after April 2020, Watkins' claim against Stafeeva falls outside the limitations period and is untimely.

Watkins argues that his vision condition is "deteriorating" and that his injury did not occur in a single "act of completion." ECF No. 25 at 11. Watkins seems to be alleging that he

3

has experienced a series of harms up to the present due to Stafeeva's failure to recommend the eye procedure. Because some of these harms are within the limitations period, I construe Watkins as alluding to a "continuing violation" argument. The Ninth Circuit recognizes that the "continuing violation" of a plaintiff's constitutional right pushes back the date of accrual of a § 1983 cause of action. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("The continuing violation theory applies to § 1983 actions[.]"). So a plaintiff may "seek relief for events outside of the limitations period" if the defendant's alleged series of conduct is "related closely enough to constitute a continuing violation" and "one or more of the acts" in that series "falls within the limitations period." *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000) (quotation omitted). But Watkins does not allege any unconstitutional conduct by Stafeeva after April 2020. Though Watkins alleges that he experiences continuing harm from the initial violation, "a mere continuing impact from past violations is not actionable." *See Knox*, 260 F.3d at 1013 (simplified). Because continuing harm does not demonstrate a continuing violation of Watkins' rights into the limitations period, the continuing violation doctrine does not save Watkins' claim against Stafeeva.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quotations omitted). It is unclear whether Watkins could amend his claim against Stafeeva to overcome the statute of limitations issue. That said, a statute of limitations bar is an affirmative defense that a pro se litigant may not anticipate when drafting a complaint. Though the complaint does not allege any deliberate indifference by Stafeeva within the limitations period, it also does not categorically foreclose such an allegation. Therefore, I grant Watkins leave to amend, but only if he can allege true

4

facts showing that Stafeeva's alleged unconstitutional conduct—not merely the resulting harm to Watkins—occurred after July 13, 2021.

I THEREFORE ORDER that Ksenia Stafeeva's motion to dismiss **(ECF No. 19) is GRANTED**. Keenan Watkins' claim against Ksenia Stafeeva is dismissed, with leave to amend. Watkins may seek leave to amend this claim only if he can allege true facts showing that Stafeeva's alleged unconstitutional conduct—not merely the resulting harm to Watkins— occurred after July 13, 2021. If Watkins intends to file an amended complaint alleging such facts, he must file it by July 10, 2025.

DATED this 7th day of June 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE